IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-3835 |
| | § | |
| $44,200.72 in U.S. CURRENCY SEIZED | § | |
| FROM BANK OF AMERICA ACCOUNT | § | |
| NO. *2103, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION GRANTING SUMMARY JUDGMENT**

The United States filed this forfeiture action in 2007 under 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 984. The United States seeks forfeiture of $44,200.72 seized from a Bank of America account in the name of Unico International, Inc. dba Americare Medical Service (Unico). Americare Medical Service provided ambulance transportation, including for regularly scheduled dialysis treatments. Payment for such transportation was submitted to Medicare and Medicaid. The company was purchased by Mazen Abdallah and Will Smith in June 2006.

Two claims were filed, one by Mazen Abdallah, individually and on behalf of Abdallah & Smith, and by William Smith, individually and on behalf of Abdallah & Smith and Unico, International, Inc. The related criminal action, *United States v. Fallah, et al.*, Case No. 4:07cr155S, a Medicare and Medicaid fraud case, resulted in a conviction of Mazen Abdallah on May 22, 2009. The sentence included a personal money judgment in the amount of $6,437,425.79, jointly and severally with the codefendant, Wesam Abdallah.

The United States moved for summary judgment on the forfeiture claim. One of the claimants, Will Smith, subsequently withdrew his claim. The other claimant, Mazen Abdallah,

responded to the government's summary judgment motion. This court withdrew an earlier opinion granting the motion in order to consider the response.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). When the moving party has met its Rule 56(c) burden, the nonmoving party must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

The United States supported its summary judgment motion with the affidavit of Special Agent Jeannine Morgan with the Office of Inspector General of the United States Department of Health and Human Services. The affidavit details the information obtained during the investigation and prosecution of the related criminal case. Attached to the affidavit and submitted as summary judgment evidence are copies of the front and back of Medicaid checks dated November 17, 2006 through June 8, 2007, submitted by Unico International, Inc. dba Americare Medical Service (Unico); Unico's Remittance and Status Reports from Medicaid dated November 17, 2006 through June 8, 2007; a chart reflecting the amounts Medicare and Medicaid paid to Unico found to be fraudulent in the criminal trial; and physician certification statement forms found to be fraudulent

in the criminal trial. The summary judgment evidence shows that Unico opened the bank account in November 2006 and that Mazen Abdallah signed the corporate signature card as president of Unico. Mazen Abdallah and Wesam Abdallah submitted or caused to be submitted fraudulent claims to Medicare and Medicaid. Among the claims were those based on fraudulent physician certification statement forms for ten patients: Andrew Jones, Claudia White, Hortensia Navejar, James Smith, Kenneth Hones, Lucendia Reed, Mary Evans, Vincent Scott, Willis Hancock, and Yolanda Vargas. From November 17, 2006 to June 8, 2007, Unico deposited the Medicaid payments for these individuals totally $48,158 in a BA Account with an account number ending in 2103. The Internal Revenue Service seized $44,200.72 from this account in June 2007. The total amount consists of fraudulent proceeds of the health care offenses committed by Mazel Abdallah, Wesam Abdallah, and others.

The arguments Mazen Abdallah raises — that the government failed to show that seven of the patients at issue were not medically eligible for nonemergency ambulance transportation to and from dialysis and therefore failed to show that the funds seized were proceeds of health care fraud — were arguments he made in his criminal case in seeking a judgment of acquittal or in the alternative for a new trial. This court rejected those arguments in upholding the verdict and denying the post-judgment motions. The Fifth Circuit has affirmed this court's rulings.

The United States has shown that Unico deposited at least $44,200.72 in fraudulent proceeds into its Bank of America Account with account number ending in 2103 within one year before the date this forfeiture action was filed. The fraudulent proceeds are forfeitable to the United States as property that was obtained, directly or indirectly, as a result of the health-care fraud scheme. 18 U.S.C. § 981(a)(1)(C). The motion for summary judgment is granted. By separate order, this court

enters a final order that the Defendant Property, $44,200.72 in United States currency, be forfeited to the United States.

        SIGNED on June 21, 2010, at Houston, Texas.

                                    Lee H. Rosenthal
                                United States District Judge